**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| AUSTIN L. SANDS, | ) | |
| | ) | |
| Petitioner, | ) | 2:09-cv-0478-JCM-RJJ |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| BRIAN WILLIAMS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

On April 2, 2009, the court dismissed this action as successive and judgment was entered. (Docket #6 and #7). Petitioner has filed a notice of appeal, which the court construes as a motion for a certificate of appealability, and an application to proceed *in forma pauperis* on appeal. (Docket #9).

Based on the information in petitioner's application to proceed *in forma pauperis* on appeal, the application is granted. Petitioner will not be required to prepay any portion of the $455.00 filing fee for his appeal.

The court construes petitioner's notice of appeal as a motion for a certificate of appealability. In order to proceed with his appeal, petitioner must receive a certificate of

appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Where the court has dismissed a petitioner's habeas corpus petition on procedural grounds, however, the determination whether a certificate of appealability ("COA") issue becomes a two-part test. The Supreme Court has held that under such circumstances:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack,* 529 U.S. at 484. Therefore, in order to obtain a COA in cases dismissed on procedural grounds, petitioner has the burden of demonstrating both that he was denied a valid constitutional right, *and* that jurists of reason would find it debatable whether the court's procedural ruling was correct. In cases where there is a plain procedural bar to a petitioner's claims and the district court is correct to invoke that procedural bar to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Under those circumstances "no appeal would be warranted." *Id.* Furthermore, the court may resolve either issue first when the answer to one issue is more apparent from the record and arguments. *Id.* at 485; *see Petrocelli v. Angelone,* 248 F.3d 877, 884 (9th Cir. 2001).

In the present case, petitioner's habeas petition was dismissed because it was successive. The court did not reach the merits of any of petitioner's constitutional claims. It is undisputed that petitioner's habeas petition is successive and he failed to obtain permission to file a successive petition from the Ninth Circuit Court of Appeals. No reasonable jurist could conclude that this court's procedural ruling was in error. Petitioner is not entitled to proceed further, and is not entitled to a certificate of appealability.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* on appeal (Docket #9) is **GRANTED**. Petitioner shall not be required to make any prepayment of the filing fee for his appeal.

**IT IS FURTHER ORDERED** that petitioner's motion for a certificate of appealability (Docket #9) is **DENIED**.

**IT IS FURTHER ORDERED** that the clerk shall send a copy of this order to the United States Court of Appeals for the Ninth Circuit.

DATED this 15th day of May, 2009.

_____
UNITED STATES DISTRICT JUDGE